**SIGNED THIS: December 22, 2010**

                                              **GERALD D. FINES**
                                    **UNITED STATES BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:                                                    )
                                         )
ANDREW L. STEWART and              ) Bankruptcy Case No. 10-91142
TERESA ANN STEWART,                  )
                                         )
           Debtors.                       )

OPINION

This matter having come before the Court on a Motion for Authority to File Proof of Claims filed by the Chapter 13 Trustee, and Response to Trustee's Motion for Approval or Authority to File Proof of Claims filed by Debtors; the Court, having heard arguments of counsel and reviewed the written arguments of the parties, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1. Debtors filed for relief under Chapter 13 of the Bankruptcy Code on May 24, 2010.

2. The Debtors' original Chapter 13 Plan of Reorganization was confirmed with the Chapter 13 Trustee's recommendation on July 28, 2010.

3. The Debtors' confirmed Chapter 13 Plan called for payments of $200 per month for 36 months, resulting in a 3.2% distribution to unsecured creditors.

4. On or about September 15, 2010, the Debtors' attorney notified the Chapter 13 Trustee in writing that the Debtor, Teresa Ann Stewart, had inherited certain property from her mother. Debtors' attorney indicated that the Debtors would pay the Chapter 7 liquidation amount of the inheritance into the Debtors' Chapter 13 Plan to meet the liquidation test under 11 U.S.C. § 1325(a)(4).

5. On November 8, 2010, the Debtors filed a Motion to Modify and File Amended Chapter 13 Plan proposing a modified plan which would pay 100% to the unsecured creditors that had filed claims in the Debtors' Chapter 13 bankruptcy proceeding.

6. The deadline for filing claims in Debtors' bankruptcy expired on October 5, 2010.

7. In her Motion for Authority to File Proof of Claims, the Chapter 13 Trustee seeks to now file claims on behalf of those unsecured creditors that did not file a claim in Debtors' Chapter 13 proceeding prior to the claims bar date of October 5, 2010.

Conclusions of Law

There is no question that the inheritance received by Debtor, Teresa Ann Stewart, on or about September 15, 2010, is property of the Debtors' Chapter 13 bankruptcy estate. See: 11 U.S.C. § 541(a)(5)(A). The Debtors' filing of a modified plan on November 8, 2010, recognized that, pursuant to 11 U.S.C. § 1325(a)(4), the Debtors' unsecured creditors, who had filed claims prior to the claims bar date, must be paid in full. The Debtors were completely forthright and honest with the Trustee and with the Court in their timely notification of the right of Debtor, Teresa Ann Stewart, to receive an inheritance from her mother.

In support of her Motion, the Chapter 13 Trustee cites 11 U.S.C. § 501(c) and Rule 3004 of the Federal Rules of Bankruptcy Procedure. The Chapter 13 Trustee asserts that she should be granted the authority to file claims on behalf of all of Debtors' unsecured creditors that did not file claims prior to the claims bar date of October 5, 2010. The Trustee argues that, had these

unsecured creditors known of the inheritance of Debtor, Teresa Ann Stewart, they would have filed claims on their own behalf.

Having reviewed the authorities cited by the Chapter 13 Trustee and having conducted research on its own, the Court can find no authority to support the Chapter 13 Trustee's suggested use of § 501(c) and Rule 3004. The purpose of § 501(c) is mainly to protect the debtor in instances where a creditor fails to file a claim that is non-dischargeable. (HR Rep No. 595, 95th Cong, 1st Sess 352 (1977); S Rep No. 989, 95th Cong, 2d Sess 61 (1978). This proposition is supported in the case law discussing § 501(c) and Rule 3004 of the Federal Rules of Bankruptcy Procedure. See: In re Weissman, 126 B.R. 889 (Bankr. N.D. Ill. 1991).

The Debtors in this case have timely agreed that the unsecured claims filed in their Chapter 13 bankruptcy must be paid 100% of the claimed amount pursuant to the provisions of 11 U.S.C. § 1325(a)(4), and have proposed a modified plan to do just that. The Court finds that, in the interest of finality, the Debtors' Motion to Modify and File Amended Chapter 13 Plan, filed on November 8, 2010, should be confirmed, and that the Chapter 13 Trustee's Motion for Authority to File Proof of Claims should be denied.

###